[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant Nathaniel St. Clair appeals the seven-year sentence imposed following the revocation of his community-control sanctions. Initially, St. Clair had been convicted of one count of burglary, in violation of R.C. 2911.12(A)(2), a second-degree felony, after pleading guilty to burglary in exchange for the dismissal of two other counts relating to burglary and possessing criminal tools. At the plea hearing, the trial court informed St. Clair that his sentence could invoke 2, 3, 4, 5, 6, 7, or 8 years in jail and a $15, 000 fine.
{¶ 3} At the original sentencing hearing conducted on January 22, 2001, the following colloquy occurred between the court and St. Clair:
{¶ 4} "THE COURT: Okay, The sentence of the Court is community control sanctions for five years. Conditions are five months custody of sheriff and credit five months served, intensive supervision, get and keep regular job, regular reporting and drug testing, forty hours of community service. Violate for the slightest infraction. You know what that means now?
{¶ 5} "THE DEFENDANT: Yeah.
{¶ 6} "THE COURT: "They will be watching you now. As soon as you do something wrong, you're going for a long time. I just want to make it clear to you. You better be on the straight and narrow. You're pretty lucky here getting off as easy as you are, but you're not off yet. Is that clear?
{¶ 7} "THE DEFENDANT: Yes.
 {¶ 8} "THE COURT: We will be watching you. The first screw-up and you're gone. Is that clear?
{¶ 9} "THE DEFENDANT: Yes, it is."
{¶ 10} Thereafter, St. Clair was sentenced to five years' intensive community control and credited for serving five months in prison. In the court's written judgment entry sentencing St. Clair, form language stated the following: "The Court also advised the defendant that the maximum sentence possible for that degree of felony can be imposed if the defendant violates the terms and conditions of Community Control."
{¶ 11} While under community control, St. Clair was charged with violating the terms of his release by failing to complete 40 hours of community-service work. The trial court found St. Clair guilty of the violation and sentenced him to seven years' incarceration. St. Clair was given credit for 165 days, including the five months that he had previously served on the initial sentence.
{¶ 12} In his sole assignment of error, St. Clair now argues that the trial court erred in sentencing him to a prison term for a violation of the terms and conditions of community control where the court had failed to notify him of the possibility of a prison term if he violated community control. We agree that St. Clair's sentence was improper.
{¶ 13} In addressing a similar issue in State v. Giles, we held that R.C. 2929.19(B)(5) must be followed when imposing a prison sentence for a violation of community-control sanctions.[1] R.C. 2929.19(B)(5) mandates that the trial court "notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender, and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to [R.C. 2929.14]." Thus, as a condition for imposing community control, the trial court must (1) notify the offender of the possibility of a prison term for violating the terms of his release, and (2) indicate the specific prison term that may be imposed.[2]
{¶ 14} In this case, the trial court informed St. Clair of the range of prison terms possible for the underlying offense at the plea hearing and told him that if he violated the community-control sanctions he "could get a more restrictive sentence including prison for the length of time and under the conditions just mentioned." However, the transcript of the hearing invoking the community-control sentence clearly demonstrates that the trial court failed to notify St. Clair of the specific term of imprisonment that he would face if he violated the terms of his release. Having failed to comply with R.C. 2929.19(B)(5), the trial court was precluded from imposing a prison sentence on St. Clair for the violation of his community-control sanction. While the court erred in imposing a prison term, the court could have chosen, pursuant to R.C. 2929.15(B), to impose a more restrictive sanction for the violation.[3]
{¶ 15} Because the trial court failed to comply with R.C.2929.19(B)(5), we sustain St. Clair's assignment of error. The judgment of the trial court is reversed, and the case is remanded for the trial court to impose a statutorily proper sentence for St. Clair's community-control violation.
{¶ 16} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
{¶ 17} Doan, P.J., Gorman and Sundermann, JJ.
[1] See State v. Giles, 1st Dist. No. C-010582, 2002-Ohio-1393559.
[2] See id. at ¶ 7.
[3] The trial court may not impose a longer term because St. Clair has already been given the maximum time for community control. See R.C.2929.15(B).